OPINION
{¶ 1} Robert Puls ("Mr. Puls") appeals from a judgment of the Domestic Relations Division of the Montgomery County Court of Common Pleas, which granted Sharon Puls' ("Mrs. Puls) petition for a domestic violence civil protection order.
 {¶ 2} Mr. and Mrs. Puls were married in 1984, and they separated on August 20, 1999. On March 1, 2001, Mrs. Puls filed for divorce, and the relationship between the parties became hostile. On May 9, 2001, Mr. Puls dropped the parties' two children off at the marital home and attempted to give Mrs. Puls information regarding a proposed settlement. Mrs. Puls refused the information, and the two argued. Mrs. Puls called the police.
 {¶ 3} Mr. Puls filed a petition for a domestic violence civil protection order as a result of the May 9, 2001 incident. Mrs. Puls filed her own petition on May 14, 2001, stemming from the same incident. Each party was granted an ex parte protection order. Following several continuances, a hearing on the motion was set for February 19, 2002. On November 29, 2001, Mrs. Puls filed a motion to show cause why Mr. Puls should not be held in contempt for violation of the ex parte order. The hearing on Mrs. Puls' motion was also set for February 19, 2002. On that date, a hearing was held on the parties' petitions for domestic violence civil protection orders and on Mrs. Puls' motion.
 {¶ 4} Both parties testified at the hearing. Based upon their testimony, the magistrate denied Mr. Puls' petition for a domestic violence civil protection order and granted Mrs. Puls' petition. Mr. Puls filed objections to the magistrate's decision, which the trial court overruled on July 18, 2002.
 {¶ 5} Mr. Puls appeals the granting of Mrs. Puls petition, raising two assignments of error.
 {¶ 6} "I. The trial court erred in concluding that appellant commited [sic] acts of domestic violence against the appellee since the judgment was against the manifest weight of the evidence."
 {¶ 7} Under this assignment of error, Mr. Puls argues that the court's decision granting Mrs. Puls' petition for a domestic violence civil protection order was against the manifest weight of the evidence because it was supported only by Mrs. Puls' testimony, which was self-serving, contradictory, and uncorroborated.
 {¶ 8} Mrs. Puls was required to prove her case by a preponderance of the evidence. See Felton v. Felton (1997), 79 Ohio St.3d 34, 42,1997-Ohio-302, 679 N.E.2d 672. Domestic violence is defined in part as:
 {¶ 9} "* * * the occurrence of one or more of the following acts against a family or household member:
 {¶ 10} "(a) Attempting to cause or recklessly causing bodily injury;
 {¶ 11} "(b) Placing another person by the threat of force in fear of imminent serious physical harm * * *." R.C. 3113.31(A)(1).
 {¶ 12} Mrs. Puls did not claim that Mr. Puls caused or attempted to cause her physical harm on May 9, 2001. Rather, she claimed that he placed her in fear of serious physical harm. To support this claim, she testified to numerous incidents throughout the parties' marriage and from the time of her filing for divorce that caused her to be afraid of Mr. Puls. With regard to the May 9, 2001 incident, Mrs. Puls testified that Mr. Puls had followed her around the house for twenty minutes while screaming at her, had slammed a door, and had refused to leave despite her repeated requests that he do so. Mrs. Puls' testimony regarding the May 9, 2001 incident, coupled with her testimony of prior incidents that had caused her to fear Mr. Puls, was sufficient, if believed, to support the granting of a domestic violence civil protection order. Mr. Puls argues that Mrs. Puls' testimony was self-serving, contradictory, and uncorroborated. From our review of the record, Mrs. Puls' testimony does not appear to have been contradictory, and, while her testimony was self-serving and uncorroborated,[1]
 {¶ 13} Similarly, Mr. Puls makes reference to a psychological evaluation of the parties that was conducted as part of their divorce case. As above, the report is not in the record before us, and we will not consider it. Mr. Puls' testimony was as well. Although Mr. Puls' testimony contradicted Mrs. Puls', the trial court clearly believed Mrs. Puls, and credibility determinations are best left to the trier of fact. We conclude that the trial court's decision was not against the manifest weight of the evidence.
 {¶ 14} The first assignment of error is overruled.
 {¶ 15} "II. The trial court violated appelant's [sic] state and federal constitutional right of due process and violated appellant's statutory right under section 3113.31 of the Ohio Revised Code."
 {¶ 16} Under this assignment of error, Mr. Puls claims that his due process rights were violated because he was not given notice that the hearing on the petitions for domestic violence civil protection orders was to be held on February 19, 2002.
 {¶ 17} Although neither party acknowledges it in the briefs, the record contains an order by the trial court continuing the hearing on the parties' petitions to February 19, 2002. This order was signed by Mr. Puls' attorney and the trial judge and was served upon Mrs. Puls' attorney on November 6, 2001. There is nothing in the record to indicate that the hearing was further continued. Therefore, it appears that Mr. Puls did receive notice that the hearing on the parties' petitions was to be held on February 19, 2002. Presumably, when the court scheduled the hearing on Mrs. Puls' motion for the same date, Mr. Puls assumed that the hearing on the petitions would be continued to a later date. However, there is nothing in the record to support this assumption. Given these facts, we conclude that Mr. Puls did, in fact, receive notice that the hearing on the petitions for domestic violence civil protection orders was to be held on February 19, 2002.
 {¶ 18} Accordingly, the second assignment of error is overruled.
 {¶ 19} The judgment of the trial court will be affirmed.
FAIN, P.J. and YOUNG, J., concur.
[1] Mrs. Puls makes reference to the testimony of Dr. Larry Pendley, a psychologist who treated Mrs. Puls. However, the record before us does not contain a transcript of Dr. Pendley's testimony, which was apparently given on May 8, 2002. Therefore, we will not consider the testimony of Dr. Pendley, as we are unable to review it and have before us only Mrs. Puls' characterization of it.